OPINION
PER CURIAM.
Yevgeniy Churilov petitions for review of the Board of Immigration Appeals’ (“BIA”) final order of removal. The Government has moved to dismiss the petition in light of Churilov’s voluntary return to Russia. For the reasons that follow, we will grant the Government’s motion in part and deny it in part. Furthermore, we will dismiss Churilov’s petition in part and deny it in part.
I.
Because the background of this case is familiar to the parties, we discuss it only briefly here. Churilov, a native and citizen of Russia, entered the United States in November 2000. In May 2004, he was placed in removal proceedings for having entered the United States without being admitted or paroled. He conceded remov-ability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In support of his application, he argued that he feared returning to Russia because he had suffered persecution on account of his membership in a political group called the Cossacks.
In May 2007, after a hearing on the merits, the Immigration Judge (“IJ”) denied Churilov’s application. The IJ concluded that Churilov’s asylum claim was time-barred and that, in any event, it suffered from “issues of incredibility and implausibility.” (See Decision of IJ at 13.) The IJ also concluded that Churilov had failed to show that he was entitled to withholding of removal or CAT relief.
On appeal, the BIA affirmed the IJ’s ruling that Churilov’s asylum claim was time-barred. The BIA also concluded that the IJ did not err in denying Churilov’s requests for withholding of removal and CAT relief; however, the BIA did not rely on the IJ’s credibility determination. Instead, the BIA considered the merits of Churilov’s claims and concluded that they failed to satisfy the standards for withholding of removal and CAT relief, respectively. Finally, the BIA rejected Churilov’s argument that the transcript of the hearing before the IJ was poorly translated, noting that Churilov “has not directed our attention to a single specific error in the translation, nor has he explained what was misunderstood or omitted by the translator that could have affected the outcome in this matter.”[1] (BIA Decision at 3.)
Churilov timely petitioned this Court to review the BIA’s decision. At the time he filed his petition, he moved for a stay of removal, which we granted as unopposed in April 2009. In October 2009, after the parties had submitted their respective briefs, the Government informed us that Churilov had voluntarily returned to Russia in September 2009. In light of his departure, the Government has moved to dismiss the petition.
II.
In support of its motion to dismiss, the Government argues that there are no longer any issues over which we have jurisdiction because: (1) we lack jurisdiction to review the BIA’s decision affii’ming the IJ’s denial of Churilov’s asylum claim as time-barred; and (2) Churilov’s decision to voluntarily return to Russia has rendered his "withholding of removal and CAT claims moot. Although the Government is correct that *409 we lack jurisdiction to review the denial of Churilov’s asylum claim, see 8 U.S.C. § 1158(a)(3); Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir.2003), his return to Russia has not mooted his withholding of removal and CAT claims. See Gomez-Zuluaga v. Att’y Gen. of the U.S., 527 F.3d 330, 339 n. 4 (3d Cir.2008) (“Because a final order of removal creates sufficient collateral consequences, [petitioner’s removal does not moot her petition for review” (internal quotation marks and citation omitted)); see also Zazueta-Carrillo v. Ashcroft, 322 F.3d 1166, 1171 (9th Cir.2003) (noting that the court may consider a petition for review after the alien has voluntarily departed the United States). Accordingly, we will grant the Government’s motion to dismiss as- to Churilov’s asylum claim and deny the motion as to his claims for withholding of removal and CAT relief. We now turn to the merits of his challenge to the denial of his withholding of removal and CAT claims.[2]
III.
‘Where the BIA renders its own decision and does not merely adopt the opinion of the IJ, we review the BIA’s decision, not that of the IJ.” Wong v. Att’y Gen. of the U.S., 539 F.3d 225, 230 (3d Cir.2008). We review the factual findings underlying the BIA’s denial of withholding of removal and CAT relief for substantial evidence. See Tarrawally, 338 F.3d at 184. Under this deferential standard of review, we must uphold the BIA’s findings “unless the evidence not only supports a contrary conclusion, but compels it.” Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir.2001).
To qualify for withholding of removal, an alien must establish that it is more likely than not that his “life or freedom would be threatened in th[e] country [of removal] because of the alien’s race, religion, nationality, membership in a particular social group, or political opinion.” See 8 U.S.C. § 1231(b)(3)(A); Tarrawally, 338 F.3d at 186. To meet this standard, the alien must show either (1) past persecution, which creates a rebuttable presumption of future persecution; or (2) that it is more likely than not that he will suffer future persecution if removed. See 8 C.F.R. § 208.16(b). “Persecution” consists of “threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom,” but “does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.” Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir.1993). To be eligible for CAT relief, an alien must show that it is more likely than not that he will be tortured if removed to the country in question. 8 C.F.R. § 208.16(c)(2). “Torture” consists of the intentional infliction of “severe pain or suffering ... by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.” 8 C.F.R. § 208.18(a)(1).
Churilov has not shown that a lack of substantial evidence compels vacating the BIA’s denial of his claims for withholding of removal and CAT relief. First, his argument challenging the IJ’s adverse credibility determination is irrelevant, as the BIA’s decision did not turn on his credibility. Second, with regards to the claim for withholding of removal, the past events to which Churilov testified do not constitute persecution, as that term is defined in Fatin, 12 F.3d at 1240. Nor has Churilov demonstrated that he will more likely than not face future persecution or, in relation to his claim for CAT relief, torture in Russia. Finally, to the extent he argues that errors in the transcription of his testimony bear on the merits of his *410 withholding of removal and CAT claims, he has failed to demonstrate that testimony not reflected in the transcript changes the outcome of this case.
In light of the above, we will dismiss the petition for review in part and deny it in part.

. It appears that the issue was actually one of flawed transcription, not flawed translation, as there are portions of the transcript that were transcribed as "indiscernible.”

. We have jurisdiction over these claims pursuant to 8 U.S.C. § 1252(a)(1).